Northern J. CALLOWAY, individually and on Behalf of LMN PRODUCTIONS, INC., Plaintiffs,

v.

The MARVEL ENTERTAINMENT GROUP, A DIVISION OF CADENCE INDUSTRIES CORPORATION, James Galton, Al Brodax, Michael S. Klein, Luis Quiros, Dumler & Giroux, The Shukat Company, Ltd., Scott Shukat, Peter S. Shukat, Esq., and where necessary, LMN Productions, Inc., Defendants.

No. 82 Civ. 8697 (RWS).

United States District Court,
S.D. New York.

March 17, 1983.

LeFlore & Egan, New York City, for plaintiff; Ray L. LeFlore, New York City, of counsel.

Sol V. Slotnik, New York City, for defendants.

OPINION

SWEET, District Judge.

Plaintiff Northern J. Calloway ("Calloway") has moved for an order pursuant to 28 U.S.C. §§ 1651 and 2283 staying arbitration instituted by defendants Scott Shukat and the Shukat Company, Ltd. ("SCL") of any claims arising out of transactions and occurrences alleged in the complaint. For the reasons set forth below, the motion is denied.

Calloway commenced this action on December 29, 1982 for damages and injunctive relief alleging that several defendants, including his managing company, SCL, and

its agent, Scott Shukat, conspired to violate Calloway's rights as an artist and as the producer and copyright owner of a motion picture project, *The Skyrider*. Calloway's federal claim is copyright infringement under 17 U.S.C. § 101 *et seq.* He includes as pendent state law claims, fraud, slander and invasion of privacy. The allegations contained in the twenty-eight page complaint describe transactions and occurrences concerning *The Skyrider* project.

On May 31, 1981 SCL had signed an agreement (the "Agreement") with Calloway pursuant to which SCL agreed to serve as Calloway's personal manager. Under the Agreement, Calloway was to make certain payments based on moneys received from his activities in the entertainment field. The Agreement contains an arbitration clause pursuant to which disputes "under or relating to the terms of this agreement, or the breach, validity or legality thereof" are to be submitted to the American Arbitration Association (the "AAA"). During the week of October 9, 1982 Calloway apparently stopped making the payments to SCL which had been set forth in the Agreement. On December 10, 1982, SCL served Calloway with a demand for arbitration, claiming the right to receive payments based on his earnings from his activities on the *Sesame Street* television program. Counsel for the parties have informed the court that the arbitration proceedings were commenced on February 24, 1983, and that after SCL had put in its direct case, the arbitrator adjourned the proceedings pending the outcome of this motion.

■ Calloway argues that any claims arising out of the agreement are compulsory counterclaims under Rule 13(a) Fed.R. Civ.P. and should be brought by SCL in this action or barred. However, Rule 13(a) is directed against one who fails to assert a counterclaim in one action and then institutes a second action in which that counterclaim becomes the basis of the complaint. *Fed.Proc.L.Ed.* § 62:206. This is not a situation in which a party in a subsequent action asserts that a claim should have been raised in a prior action. *See, e.g., Kamakazi Music Corp. v. Robbins Music Corp.,* 534 F.Supp. 57 (S.D.N.Y.1981). Moreover, it does not follow that because a compulsory counterclaim not raised in the first action is barred in subsequent litigation, the defendant is barred from pressing its claim in arbitration proceedings. In fact, the Third Circuit has held that an arbitrator may determine claims in an arbitration proceeding even though those claims could not be presented to a court. *Bristol Farmers Market v. Arlen Realty,* 589 F.2d 1214 (3d Cir. 1978). For these reasons, the compulsory counterclaim concept is inapposite.

In the alternative, Calloway argues that any arbitration arising out of the Agreement should be stayed pending judicial resolution of the federal claim. He urges that issues raised by the copyright claim are identical to those which will have to be resolved in the arbitration proceedings will bear on issues raised by the copyright claim and therefore that a stay is appropriate.

■ SCL's claim in arbitration is for payments allegedly due under the Agreement, but only in connection with Calloway's *Sesame Street* earnings. SCL's claim does not in any way involve *The Skyrider* project, the subject of Calloway's copyright claim. However, Calloway argues that his defense in the arbitration proceedings will be that the Agreement itself was fraudulently induced, that SCL breached its fiduciary duty to Calloway, and therefore that the terms of the Agreement are unenforceable.

The complaint in this action does not allege that the Agreement was fraudulently induced or that its terms are unenforceable, nor does it seek an accounting, the conventional relief sought for breach of fiduciary duty. The complaint does not contain any reference to the Agreement except in one paragraph which states that SCL acted as Calloway's personal manager under a contract. The validity of the Agreement is not presently an issue which has even been raised by the copyright claim. Calloway does allege breach of fiduciary duty by SCL in connection with *The Skyrider* project, which may or may not provide a defense to

SCL's claim in arbitration. The resolution of that issue in arbitration will not affect the issues as framed in the complaint now before this court. Even if SCL's conduct with respect to *The Skyrider* project is considered in arbitration, the issue there will be whether the conduct renders the terms of the Agreement unenforceable, not whether the conduct violates the federal copyright law. The arbitration may be dispositive on the issue of contract liability concerning the *Sesame Street* earnings, but Calloway has not demonstrated that the arbitration clause agreed upon by Calloway and SCL should not be given effect in this instance.

For these reasons, Calloway's motion to stay the arbitration proceedings is denied.

IT IS SO ORDERED.